UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ANDRE YOUNGBLOOD,

          Plaintiff,

  v.                  9:10-CV-0833
                      (GLS/DRH)

D. ARTUS, Warden, Clinton Correctional Facility;
DR. LESTER WRIGHT, Deputy Commissioner;
V. JOHNSON, Head Nurse Administrator,
Clinton Correctional Hospital; DR. ADAMS,
Doctor, Clinton Correctional Hospital; BADER,
Nurse, Clinton Correctional Hospital; MRS. SMITH,
Nurse, Clinton Correctional Hospital; and
CATHY RYAN, Nurse, Clinton Correctional
Hospital,

          Defendants.

---

**APPEARANCES**

ANDRE YOUNGBLOOD
03-A-1665
Greene Correctional Facility
P.O. Box 975
Coxsackie, NY 12051
Plaintiff, *pro se*

GARY L. SHARPE
United States District Judge

### MEMORANDUM-DECISION AND ORDER

**I. Introduction**

   The Clerk has sent to the Court a civil rights complaint, together with an application to proceed *in forma pauperis* submitted for filing by plaintiff Andre Youngblood.  Dkt. Nos. 1, 2.

**II.    Discussion**

After reviewing the information that Youngblood provided in his *in forma pauperis* application, the Court concludes that he meets the financial criteria for commencing this action *in forma pauperis*. Therefore, the Court must now consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. §§ 1915(e) and 1915A. Section 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B).[1] Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action *in forma pauperis*. *See id.*[2]

In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro*

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[2] Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate prisoner *pro se* complaints).

*se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond . . . ." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 127 S.Ct. 1955).

"As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("As between federal district courts, . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation.")). "The complex problems that can arise from multiple federal filings do not lend themselves to a rigid test, but require instead that the district court consider the equities of the situation when exercising its discretion." *Curtis*, 226 F.3d at 138. "The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the 'comprehensive disposition of litigation.'" *Id.* (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*,

3

342 U.S. 180, 183 (1952)). The district court has broad discretion in determining whether an action should be dismissed as duplicative, and the exercise of this power is reviewed by the Court of Appeals for abuse of discretion. *Lopez v. Ferguson*, 361 Fed. Appx. 225, 226 (2d Cir. 2010) (finding that the district court did not abuse its discretion when it dismissed an action as duplicative of a pending class action as to which plaintiff fell within the certified class).

As the Second Circuit recognized in *Curtis*, "simple dismissal of the second suit is [a] common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Curtis*, 226 F.3d at 138-39 (citing *Zerilli v. Evening News Ass'n,* 628 F.2d 217, 222 (D.C. Cir. 1980); *Walton v. Eaton Corp.,* 563 F.2d 66, 70 (3d Cir. 1977) (*en banc*)). As a general rule, "[w]here there are two competing lawsuits, the first suit should have priority." *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989) (quoting *Motion Picture Lab. Technicians Loc. 780 v. McGregor & Werner, Inc.*, 804 F.2d 16, 19 (2d Cir. 1986)) (alteration in original). An action is duplicative "if the claims, parties, and available relief do not significantly differ between the two actions. . . ." *Northern Assur. Co. of America v. Square D Co.*, 201 F.3d 84, 89 (2d Cir. 2000) (quotations omitted).

In his complaint, Youngblood alleges that, while he was incarcerated at Clinton Correctional Facility, defendants failed to provide him with adequate medical care in deliberate indifference to his serious medical needs -- namely his asthma and a seizure disorder -- in violation of his rights under the Eighth Amendment to the United States Constitution. Dkt. No. 1 at 5-8. Youngblood seeks monetary damages in the sum of five million dollars. *Id.* at 9. For a complete statement of Youngblood's claims, reference is

made to the complaint.

A review of the Northern District's docket reveals that Youngblood has filed two complaints in the Northern District in addition to this action, which contain almost identical allegations against identical defendants, and which seek monetary damages in the sum of five million dollars. *See Youngblood v. Artus* ("*Youngblood* I"), 9:10-CV-0752 (GLS/DRH), *Youngblood v. Artus* ("*Youngblood* II"), 9:10-CV-0971 (TJM/DEP). The first filed action, *Youngblood* I, is pending before this Court. *Youngblood* II was dismissed as duplicative of *Youngblood* I by Order of Senior Judge Thomas J. McAvoy filed November 18, 2010. *See Youngblood* II, Dkt. No. 6.

Upon review of Youngblood's complaint, It is clear that this action and *Youngblood* I involve the same parties and seek the same remedies. *Compare* Dkt. No. 1 with *Youngblood* I, Dkt. No. 1; *see also Youngblood* II, Dkt. No. 1. In comparing the allegations set forth against the defendants in this action with the allegations set forth against them in *Youngblood* I, it is also readily apparent that, aside from immaterial deviations, the factual allegations in each complaint are the same. Moreover, the issues and facts to be determined and the witnesses and evidence required are exactly the same. In sum, because Youngblood's complaint in this action is identical in all material respects to the earlier-filed complaint in *Youngblood* I which is currently pending in this District, the Court dismisses the present action as duplicative.

Because this action is dismissed as duplicative, Youngblood's application to proceed *in forma pauperis* (Dkt. No. 2) is **denied** as moot.

WHEREFORE, it is hereby

ORDERED that this action is dismissed as duplicative; and it is further

ORDERED that Youngblood's *in forma pauperis* application (Dkt. No. 2) is **denied as moot**; and it is further

ORDERED that the Clerk serve a copy of this Decision and Order on Youngblood by regular mail.

Dated: November 22, 2010

_____
United States District Court Judge